UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

**ORDER RE: DEFENDANT'S MOTION TO DISMISS [17]; PLAINTIFF'S MOTION TO REMAND [24]**

## I.   INTRODUCTION

Pending before the Court are two motions: (1) Defendant's motion to dismiss for failure to state a claim, (Dkt. No. 17); and (2) Plaintiff's motion to remand for lack of subject matter jurisdiction, (Dkt. No. 24). After consideration of the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's motion is **GRANTED**, and Defendant's motion is **DENIED** as moot.

## II.   BACKGROUND

### A. Factual Background

Plaintiff Janee Johnson is an individual who at all times relevant to this dispute was employed by Defendant Sunrise Senior Living Management, Inc. as a concierge, care manager, and medication care manager in Los Angeles County. (Compl. ¶¶ 2–3.) According to the Complaint, Defendant has a policy and practice of improperly issuing final wages to its employees through an "ATM Card Pay Kit" that includes a pre-paid debit card and three blank checks. (Compl. ¶ 8.) Plaintiff alleges that this ATM Card Pay Kit is issued in Defendant's name rather than the employees' names, and that Defendant does not inform its employees of this procedure or provide an alternative form of payment for its employees' final paycheck. (Compl. ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

In order to use the ATM Card Pay Kit, Plaintiff alleges that she was required to agree to "onerous and unconscionable terms and conditions, including a purported waiver of liability and arbitration provision," in order to access her wages. (Compl. ¶ 10.) Plaintiff further alleges that, because the ATM Card Pay Kit is in Defendant's name, she could not immediately withdraw the entire amount of the wages from either the debit card or the blank checks. (Compl. ¶ 11.) Instead, Plaintiff alleges that employees are limited to using an ATM for which there is an associated fee and a cap of $300 per transaction. (Compl. ¶ 11.) In addition, Plaintiff alleges that Defendant has refused to provide an itemized statement detailing the dates for which the payment is supposed to apply as well as the name and address of Defendant. (Compl. ¶ 12.)

According to Plaintiff, other employees of Defendant have been subjected to the same improper practices, resulting in monetary harm to each. (Compl. ¶¶ 13–14.) Consequently, Plaintiff filed the instant class action seeking to represent a class defined as: "All persons employed in California whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, from December 31, 2010 to the present and received their final wages in the form of an ATM Card Pay Kit." (Compl. ¶ 15.)

## B. Procedural History

Plaintiff filed her Complaint in the Superior Court of California, County of Los Angeles, on December 31, 2014. (Dkt. No. 1-1.) Defendant then removed the action to this Court on March 27, 2015 pursuant to the Class Action Fairness Act of 2005. (Dkt. No. 1.) On April 3, 2015, Defendant filed the instant motion to dismiss for failure to state a claim. (Dkt. No. 17.) Plaintiff opposed this motion on April 27, 2015, (Dkt. No. 25), and Defendant replied on May 22, 2015, (Dkt. No. 30). Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction on April 20, 2015. (Dkt. No. 24.) Defendant opposed this motion on May 11, 2015, (Dkt. No. 26), and Plaintiff replied on May 22, 2015, (Dkt. No. 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

### III. LEGAL STANDARD

#### A. Motion to Remand

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization from Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court action. Original jurisdiction may be established pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, a federal district court has jurisdiction over a civil class action in which the class has minimum diversity and more than 100 members and in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id.* Where there is a doubt regarding the right to removal, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

#### B. Motion to Dismiss

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads

Case 2:15-cv-02297-BRO-VBK Document 34 Filed 06/18/15 Page 4 of 15 Page ID #:979

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). But leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

In support of its motion to dismiss, Defendant has requested that the Court take judicial notice of three documents, each of which is an opinion letter issued by the California Division of Labor Standards Enforcement. (*See* Dkt. No. 17-1.) As records of a state administrative agency, these opinion letters are properly the subject of judicial notice. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 959 (9th Cir. 2013) (taking judicial notice of several California Division of Labor Standards Enforcement opinion letters); *Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4

Case 2:15-cv-02297-BRO-VBK Document 34 Filed 06/18/15 Page 5 of 15 Page ID #:980

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

(C.D. Cal. 2006) (taking judicial notice of opinion letters issued by federal and state regulatory agencies). Defendant's request for judicial notice is therefore **GRANTED**.

Similarly, in support of her motion for remand, Plaintiff has requested that the Court take judicial notice of (1) a printout from the California Division of Labor Standards Enforcement website regarding waiting time penalties, and (2) the California Division of Labor Standards Enforcement Policies and Interpretations Manual. (Dkt. No. 28.) Because these documents are also properly the subject of judicial notice, the Court **GRANTS** Plaintiff's request for judicial notice as well. *See, e.g.*, *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 (N.D. Cal. 2013) ("The Court may take judicial notice of materials available on government agency websites . . . ."); *Lane v. Wells Fargo Bank N.A.*, No. C 12-04026 WHA, 2013 WL 269133, at *2 (N.D. Cal. Jan. 24, 2013) ("Judicial notice of these documents is appropriate, as they are publications that are currently available on the federal agencies' websites . . . .").

## V. DISCUSSION

In its motion to dismiss, Defendant raises a number of arguments attacking the merits of Plaintiff's claims. Plaintiff, however, has challenged whether this Court has jurisdiction over her case, and the Court must determine its jurisdiction before ruling on the merits of a claim. *See Mireskandari v. Mayne*, No. CV 12-03861 JGB MANX, 2013 WL 2041013, at *8 (C.D. Cal. May 14, 2013) ("A federal court may not rule on the merits of a case absent a finding that it has jurisdiction over the cause (subject matter jurisdiction) and the parties (personal jurisdiction)."). Accordingly, the Court will first consider Plaintiff's motion for remand before addressing Defendant's motion to dismiss.

### A. Motion for Remand

Plaintiff's motion for remand asserts that this Court lacks jurisdiction under CAFA because Defendant has failed to establish that more than $5 million is in controversy. As discussed above, Congress enacted CAFA in 2005 to provide district courts with original jurisdiction to hear class actions in which the class has minimal diversity, the class has more than 100 members, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). Ordinarily, courts must strictly construe the removal statute against federal jurisdiction. *See, e.g.*, *Gaus*, 980 F.2d at 566–67. A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

different standard applies for claims arising under CAFA, however, "which Congress enacted to facilitate the adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014); *accord Jordan v. Nationstar Mortg.*, 781 F.3d 1178, 1182–83 (9th Cir. 2015); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Instead, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart*, 135 S. Ct. at 554 (quoting S. Rep. No. 109–14, at 43).

To meet the amount-in-controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000. *See Ibarra*, 775 F.3d at 1197. All this requires is a "short and plain statement" of the grounds for removal. 28 U.S.C. 1446; *Dart*, 135 S. Ct. at 553–54. This language tracks that of Federal Rule of Civil Procedure 8(a), and courts have been instructed to apply this same liberal pleading standard in cases of removal involving CAFA. *See Dart*, 135. S. Ct. at 553. "The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement." *Roa v. TS Staffing Servs., Inc.*, No. 2:14-cv-08424-ODW (MRW), 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015). Where the amount in controversy is not contested, a defendant is not required to submit evidence establishing the amount, and the amount pleaded by the defendant should be generally accepted if made in good faith. *Dart*, 135. S. Ct. at 553. Where "the plaintiff contests, or the court questions, the defendant's allegation" in its notice of removal, however, further evidence establishing that the amount in controversy meets the jurisdictional threshold is required. *Id.* at 554. Thus, in considering Plaintiff's motion to remand, the Court must determine, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

### 1. Evidentiary Objections and Ex Parte Application

Plaintiff has filed various evidentiary objections to the Declaration of Michael P. Ward, Ph.D., submitted by Defendant in opposition to Plaintiff's motion for remand.

Case 2:15-cv-02297-BRO-VBK Document 34 Filed 06/18/15 Page 7 of 15 Page ID #:982

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

(Dkt. No. 29.) Although Plaintiff objects to specific portions of the declaration, Plaintiff also objects to the entirety of the declaration as unauthenticated, hearsay, and without foundation. (Dkt. No. 29 at 6.) Plaintiff also argues that Defendant failed to disclose Dr. Ward as an expert as required under Federal Rule of Civil Procedure 26, and that Defendant has not demonstrated either that Dr. Ward's methods are reliable or that he applied those methods in this case. (Dkt. No. 29 at 6–7.)

On June 2, 2015, Defendant filed an ex parte application seeking leave to file a response to Plaintiff's objections, which attaches supplemental declarations aimed at curing the evidentiary deficiencies raised by Plaintiff in her objections. (Dkt. No. 31.) Plaintiff filed an opposition to this application, arguing that Defendant is "essentially attempting to file a surreply offering multiple new calculations for the amount in controversy," and that the supplemental declarations do not directly respond to Plaintiff's evidentiary objections. (Dkt. No. 32 at 2, 4.) As Defendant argues in its application, it is not uncommon for courts to permit the submission of supplemental declarations in response to evidentiary objections when those declarations are targeted at curing the deficiencies identified in the objections. *See, e.g.*, *Cal. Cmtys. Against Toxics v. Armorcast Prods. Co.*, No. CV 14-5728 PA FFMX, 2015 WL 519083, at *4 (C.D. Cal. Feb. 9, 2015) (rejecting argument that supplemental declarations constituted a surreply and permitting them to be filed because they directly addressed evidentiary objections); *E.B.C. Trust Corp. v. JB Oxford Holdings, Inc.*, No. CV 00-8812-RMT (MCX), 2005 WL 6215172, at *2 (C.D. Cal. Aug. 26, 2005) ("The supplemental declaration cannot be construed as new evidence since it responds to concerns brought up by Defendant's objections."). And while Plaintiff's concern that some of the evidence submitted in these supplemental declarations does not directly address Plaintiff's objections is well taken, it is immaterial in this context. The Ninth Circuit has held that a defendant who fails to demonstrate the requisite amount in controversy under CAFA "may once again attempt to remove th[e] case to federal court" if it "later discovers evidence that the jurisdictional bar is met." *Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763, 765 (9th Cir. 2013); *accord Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) ("[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable."). As a result, while the Court agrees that Defendant should have produced all relevant evidence in its opposition to Plaintiff's motion for remand, refusing to permit Defendant's evidence of

Case 2:15-cv-02297-BRO-VBK   Document 34   Filed 06/18/15   Page 8 of 15   Page ID #:983

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

the amount in controversy would violate the principles identified in *Roth*. Accordingly, Defendant's ex parte application is **GRANTED**.

Nevertheless, there are larger problems with the evidence provided by Defendant both in opposition to Plaintiff's motion and attached to Defendant's ex parte application. Specifically, as Plaintiff argues in opposition to Defendant's ex parte application, Defendant has now proffered *four* varying calculations of the amount in controversy resulting from Plaintiff's first cause of action for waiting time penalties:

| Notice of Removal (Dkt. No. 1 at 13 (citing Cherwin Decl. ¶ 6)) | Ward Declaration (Dkt. No. 26-2 at 4) | Supplemental Ward Declaration (Dkt. No. 31-3 at 4) | Supplemental Cherwin Declaration (Dkt. No 31-4 at 4) |
|---|---|---|---|
| $4,453,914.60 | $6,270,432.00 | $6,065,597.00 | $7,280,575.25 |

(*See* Pl.'s Opp'n to Def.'s Appl. at 6.) Three of these variations can likely be explained. For example, in Defendant's Notice of Removal, Defendant did not include its part-time employees, which naturally resulted in a lower calculation of potential damages. (*See* Not. of Removal ¶ 29 & n.2.) Similarly, Dr. Ward's initial calculation did not account for the fact that ninety-seven of the employees were terminated within thirty days of the filing of this lawsuit, which resulted in a slightly higher calculation ($6,270,432) than what he calculated after he excluded these employees ($6,065,597). Yet the discrepancy in the calculation provided in the Supplemental Declaration of Kathleen Cherwin—which Defendant filed simultaneously with Dr. Ward's second calculation—is troubling. Why she should arrive at a different figure than Dr. Ward when they appear to be using the same calculation is unclear. As the math involved in these calculations is rudimentary, the Court can only conclude that Dr. Ward is using different figures than Ms. Cherwin. Given that Ms. Cherwin is Defendant's Senior Director of Human Resources and therefore has personal knowledge of these figures—whereas Dr. Ward merely states that he used figures provided to him by Defendant—it is Ms. Cherwin's numbers that are more reliable and controlling in this analysis. Accordingly, the Court does not rely on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

Dr. Ward's calculations for purposes of this motion. Plaintiff's objections to Dr. Ward's declarations are therefore **OVERRULED** as moot.

### 2. Waiting Time Penalties

The primary dispute between the parties concerns the amount placed in controversy by Plaintiff's allegations regarding waiting time penalties under California Labor Code section 203. Section 203 "mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (Cal. Ct. App. 1998). "Thus, the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days." *Id.* In its Notice of Removal, Defendant alleged that Plaintiff's section 203 allegations placed in controversy a total of $4,453,914.60 based on Defendant's issuance of final wages via the ATM Card Pay Kit to 1899 full-time, hourly, non-exempt employees over the four-year period preceding this lawsuit, and applying the full thirty-day period, an average hourly rate of $130.03, and an average of six working hours per day. (Not. of Removal ¶¶ 29–30.)[1]

In her motion for remand, Plaintiff argues that Defendant improperly calculated the amount in controversy from her waiting time penalty allegations because (1) Defendant applied a four-year limitations period when only a three-year period is warranted by the statute, and (2) Defendant lacked justification for assuming a 100% penalty recovery—that is, for applying the full thirty-day period—for every putative class member. With regard to the statute of limitations, while Defendant argues that the invocation of a statute of limitations is an affirmative defense and thus cannot be used to narrow the amount in controversy,[2] Defendant applies a three-year period for purposes of calculating the amount in controversy in its opposition. (Opp'n at 9 & n.11.)[3]

---

[1] As discussed above, Defendant has increased this number in opposition to Plaintiff's motion to remand based on its inclusion of part-time hourly employees as well. (Opp'n at 10 n.12.)

[2] Defendant asserts that it initially applied a four-year period based on Plaintiff's definition of the putative class, which appeared to cover a four-year period. (Opp'n at 9 n.11.)

[3] Moreover, as Plaintiff argues, "section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties irrespective of whether an employee's claim for penalties is accompanied by a claim for unpaid final wages." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

The ultimate issue thus concerns whether Defendant is justified in using the full thirty-day period in calculating the amount in controversy from the waiting time penalties. As Plaintiff argues, the Ninth Circuit has disapproved of the use of a 100% violation rate without evidentiary support. *See Garibay*, 539 F. App'x at 764. In *Garibay*, the Ninth Circuit found the defendants' calculation of the amount in controversy unjustified where the only evidence they provided was "a declaration by their supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages." *Id.* In doing so, the court observed:

> Garibay also alleges violations of Cal. Labor Code § 203, which provides that employers who fail to timely pay all earned wages upon termination are subject to a fine equal to the employee's normal wages for each day the wages are late, up to a maximum of 30 days. Archstone assumes that each employee would be entitled to the maximum statutory penalty, but provides no evidence supporting that assertion.

*Id.*; *accord Perez v. WinnCompanies, Inc.*, No. 1:14-CV-01497-LJO, 2014 WL 5823064, at *7 (E.D. Cal. Nov. 10, 2014); *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-CV-0474 AWI-BAM, 2014 WL 584393, at *8 (E.D. Cal. Feb. 12, 2014).[4]

---

(Cal. 2010); *accord Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015) ("The statute of limitations [for claims under California Labor Code section 203(a)] is three years.").

[4] At least two district courts in this circuit have declined to follow *Garibay*'s holding on the basis that it is unpublished and partially conflicts with the Ninth Circuit's published opinion in *Lewis v. Verizon Communications, Inc.*, in which the court held:

> The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. To establish the jurisdictional amount, Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking Verizon to admit that at least $5 million of the billings were "unauthorized" within the meaning of the complaint.

627 F.3d 395, 400 (9th Cir. 2010). Citing this language from *Lewis*, the court in *Mejia* reasoned that "to the extent that *Garibay* demands that removing defendants submit evidence of their liability—i.e., evidence of a violation rate—to establish jurisdiction, it is inconsistent with *Lewis*." 2015 WL 2452755,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

    Citing this principle from *Garibay*, Plaintiff argues that Defendant has failed to produce the necessary evidence to demonstrate that it is justified in applying the full thirty-day penalty.  In general, courts "allow the defendant to assume a 100% violation rate only where such an assumption is supported directly by, or reasonably inferred from, the allegations in the complaint." *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *7 (N.D. Cal. June 14, 2013); *accord Emmons*, 2014 WL 584393, at *8 ("Here, Defendants' assumption that every employee suffered a wage violation entitling them to penalties for the entire 30 pay period is not accompanied with supporting evidence establishing that the maximum penalty should apply to each class member.  While Defendants are not required to submit evidence to support CAFA jurisdictional requirements, the court will reject Defendants' calculations as speculative and conclusory if, in light of the lack of evidence presented, Plaintiffs' complaint provides no basis for the assumptions made."); *cf. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("If the amount in controversy is not clear on the face of the complaint . . . , defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum.").  Here, Defendant has submitted evidence regarding how many employees were paid via the ATM Card Pay Kit during the relevant three-year period preceding this lawsuit.  Plaintiff therefore contends that Defendant must further establish how long those employees were forced to wait before accessing their full wages to justify using the full thirty-day penalty.

---

at *4.  The court in *Mejia* therefore elected to follow the published (albeit earlier) authority as binding precedent.  *See id.* (citing 9th Cir. R. 36–3 ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.")); *accord Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 n.4 (N.D. Cal. 2014) ("[T]his Court acknowledges that it cannot fully reconcile the *Lewis* approach with the approach apparently taken by the Ninth Circuit in *Garibay* . . . .  Faced with this potential conflict, this Court accepts the Ninth Circuit's published opinion as the superior authority.").  Here, however, submitting evidence of when employees accessed their wages as a result of the ATM Card Pay Kit would not require Defendant to "concede liability" as it did in *Lewis* where the district court had required the defendant to identify which billings were "unauthorized," 627 F.3d at 400, because it is undisputed that Defendant provided the ATM Card Pay Kit immediately to each of its employees.  To establish Defendant's liability, Plaintiff must still demonstrate that this was not a valid form of payment.  As a result, the Court finds that *Garibay* does not conflict with *Lewis* as applied to the facts of this case.

Case 2:15-cv-02297-BRO-VBK Document 34 Filed 06/18/15 Page 12 of 15 Page ID #:987

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

In opposition, Defendant argues that the crux of Plaintiff's Complaint is that the ATM Card Pay Kit is not a valid *manner* of payment and, consequently, that these employees have yet to receive a valid form of payment under the California Labor Code. And courts have held that where "wages are alleged to have not been paid, the full thirty-days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, No. 1:13-CV-02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *accord Perez*, 2014 WL 5823064, at *7 (discussing the ruling from *Garibay* but holding that, because plaintiff asserted that he was still owed overtime wages and premium wages for missed meal periods and rest breaks, "the alleged unpaid wages are owed even now to Plaintiff, [so] the full thirty days of waiting time penalties is a proper measure and may be relied upon to calculate the amount in controversy"); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1125–26 (C.D. Cal. 2010) (finding that because the plaintiff's "allegations suggest[ed] all class members were denied some form of proper compensation during their employment, and that the underpayment was not corrected at end of their employment," "defendants [could] properly assume that all employees were entitled to maximum waiting time penalties under Labor Code § 203").[5]

Plaintiff seeks to distinguish these cases by arguing that she has not alleged that she and other class members have yet to be paid all their wages. Rather, Plaintiff argues that "the crux of the Section 203 claim is that Defendant failed to pay wages immediately to terminated employees and within 72 hours for a voluntary discharge because '[u]ltimately, the ATM Card Pay Kit required Plaintiff and other putative class members to incur fees to use, was not fully cashable, was not usable at all financial institutions, and did not allow employees to access all of the monies contained on such cards without significant effort.'" (Reply at 5–6 (quoting Compl. ¶ 27).) Plaintiff also notes that the ATM Card Pay Kit included three blank checks, (Compl. ¶ 8), which some putative class members could have used to access their full wages. As a result, Plaintiff argues that "the

---

[5] *See also Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) ("Because no averment in the complaint supports an inference that these sums were ever paid, Ford cannot now claim class members may be awarded less than the statutory maximum."); *Altamirano*, 2013 WL 2950600, at *12 ("[A]s there is nothing in the complaint or the record to suggest that Defendants paid employees these unpaid wages at some point during the month after they separated from employment, awarding penalties for the entire 30 pay period is reasonable.").

Case 2:15-cv-02297-BRO-VBK   Document 34   Filed 06/18/15   Page 13 of 15   Page ID #:988

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

Complaint does not foreclose the possibility that a separated employee actually received their final pay at some point within 30 days of their separation." (Reply at 6.)

Yet while Plaintiff alleges that she and other putative class members were not "*immediately* paid all wages due and owing upon the termination of her employment," (Compl. ¶ 21 (emphasis added)), she also states unequivocally that she "still has not been paid all wages due to her following the termination of her employment." (Compl. ¶ 14; *accord* Compl. ¶ 21 ("Plaintiff received inaccurate and incomplete pay stubs and *has received less than what was due to her upon the termination of her employment* . . . ." (emphasis added); ¶ 28 ("Plaintiff, on behalf of herself and the putative class, therefore seeks recovery of *the unpaid balance of the full amount of wages owed* . . . ." (emphasis added))). Moreover, Plaintiff alleges that employees seeking to withdraw their wages were "limited to using an ATM *for which there is an associated fee* and a cap of $300 per transaction." (Compl. ¶ 11 (emphasis added); *accord* Compl. ¶ 14 ("[B]ecause an ATM only dispenses $20 bills, Plaintiff was not able to obtain all of her earned wages, but only that which was divisible by $20. Thus, Plaintiff is informed and believes that approximately $3.00 remains on the TotalPay Card.").) It necessarily follows from Plaintiff's allegations that she and other putative class members were improperly charged a fee to withdraw their final wages that they are still owed wages (in the amount of those charges) today. Plaintiff also makes clear that *all* putative class members received the same payment in the form of the ATM Card Pay Kit: "Defendant does not inform employees of this procedure nor does it provide employees with an alternative to simply receive his/her final paycheck from Defendant. Participating in the ATM Card Pay Kit is not optional, but mandatory." (Compl. ¶ 9.)

Nevertheless, the Court finds there to be merit to Plaintiff's argument that class members could have used the blank checks provided in the ATM Card Pay Kit. At first blush, this argument appears to be undermined by Plaintiff's assertions in the Complaint. For example, Plaintiff alleges that she "presented the entire ATM Card Pay Kit to her bank (Chase), who after attempting to help Plaintiff, ultimately refused to honor any of the instruments because they were not issued in her name but instead were issued in Defendant's name." (Compl. ¶ 14.) As the Complaint alleges that Defendant issued the same form of payment to each class member, (*see, e.g.*, Compl. ¶ 27), it is therefore a logical reading of this allegation that the checks were issued in Defendant's name, rendering them inaccessible to Defendant's ex-employees. Yet Defendant directly

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

refutes this allegation in its motion to dismiss, arguing that "this allegation is contradicted both by Plaintiff's own Complaint—Plaintiff concedes that the Money Network Checks were blank, Compl. ¶ 8—and by the Money Network Checks themselves, which do not contain Sunrise's name." (*See* Def.'s Mot. to Dismiss at 4 n.3.) Indeed, the checks provided by Defendant are blank and state clearly on the front: "Payable without fee or discount at any Walmart location." (Berry Decl. Ex. A at 7.)[6] "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, Federal Practice & Procedure § 1363 (3d ed. 2004). Moreover, although Plaintiff argues in opposition to Defendant's motion to dismiss that her attempts to cash these checks led her on a "wild goose chase" that required her to obtain an "authorization number" that she was ultimately unable to obtain, she argues in her motion to remand that "it is entirely possible that some employee used the check," (Reply at 6), which would have enabled that person immediately to receive his or her full wages.

Consequently, while Plaintiff may not have been able to receive all of her funds owed because she attempted to withdraw them from an ATM and incurred fees, it is consistent with the allegations of the Complaint that other class members deposited the blank checks to retrieve their wages in full at a period before thirty days. As discussed above, the burden is on Defendant to provide evidence justifying use of the full thirty-day statutory maximum. *See Garibay*, 539 F. App'x at 764. Defendant could have satisfied this burden by submitting evidence of when employees accessed their final wages via the ATM Card Pay Kit, which would have enabled Defendant to establish the amount in controversy—*i.e.*, the amount that Plaintiff could receive if she successfully demonstrated that the payment was invalid—without conceding Defendant's liability. *See supra* n.4. Yet Defendant did not do so. As a result, the Court finds that Defendant has failed to justify applying the full thirty-day penalty period to Plaintiff's waiting time

---

[6] As Plaintiff incorporates these checks by reference by referring to them throughout the Complaint, the Court may consider them in evaluating Defendant's motion to dismiss without converting it into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). And as for evaluating this as evidence for purposes of Plaintiff's motion for remand, the checks are properly authenticated by Defendant's Business Office Coordinator, Tamara Berry. (*See* Berry Decl. ¶¶ 1, 5.)

Case 2:15-cv-02297-BRO-VBK   Document 34   Filed 06/18/15   Page 15 of 15   Page ID #:990

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-02297 BRO (VBKx) | Date | June 18, 2015 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. | | |

penalty claim, which is fatal to Defendant's attempt at proving that the amount in controversy exceeds $5 million.  Plaintiff's motion for remand is therefore **GRANTED**.[7]

Although the Court remands this case to the Superior Court, Defendant "may once again attempt to remove this case to federal court" if it "later discovers evidence that the jurisdictional bar is met."  *Garibay*, 539 F. App'x at 765; *accord Roth*, 720 F.3d at 1123 ("[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable.").

### B. Motion to Dismiss

Because the Court has granted Plaintiff's motion for remand, Defendant's motion to dismiss is **DENIED** as moot.  *See, e.g.*, *Damon v. Korn/Ferry Int'l*, No. CV 15-2640-R, 2015 WL 2452809, at *3 (C.D. Cal. May 19, 2015).

### VI. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is **GRANTED**.  The Court hereby **REMANDS** this case to the Superior Court of California, County of Los Angeles, for further proceedings.  Defendant's motion to dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**                                                    :

Initials of Preparer          rf

---

[7] The Court is also not persuaded by Defendant's argument, (*see* Opp'n at 5 n.4), that other similar class actions have successfully been removed pursuant to CAFA.  *See Vasquez v. Blue Cross of Cal.*, No. CV-15-2055-MWF (AGRx), 2015 U.S. Dist. LEXIS 58892, at *12 (C.D. Cal. May 5, 2015) ("The Court disregards the argument that the existence of other class actions in federal court somehow demonstrates jurisdiction.  The Court is basing its ruling solely on the allegations in this Complaint and the evidence submitted." (internal citation omitted)).